RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 10 / 27 / 06
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LEE TREADWAY | DOCKET NO. 06-1182 |
| VERSUS | JUDGE DRELL |
| TIM WILKINSON, ET AL | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Lee Treadway, filed *in forma pauperis* on July 10, 2006. Treadway is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is currently housed at the Winn Correctional Center ("WCC"). He names as defendants Tim Wilkinson, Stacy Ferguson, D. Beaubouef, C. Chapman, S. Taylor, K. Jonden, Lt. Brexton, Lt. Bevers, C. Coldemen, J. Johnson, S. Fitch, E. Brexton, and Melbu. Plaintiff claims that the defendants failed to protect him from physical harm inflicted by another inmate.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the court. For the following reasons, it is recommended that the complaint be DENIED and DISMISSED WITH PREJUDICE for failing to state a claim for which relief may be granted.

## STATEMENT OF THE CASE

Plaintiff claims that, on February 11, 2006, Stacy Ferguson and Officer Beauboeuf were working as floor officers at WCC. Ferguson let an Orleans Parish Prison ("OPP") inmate, Eddie Lambert, off of his tier at 4:45 p.m. for pill call while the plaintiff was walking to the cafeteria. Plaintiff claims that Lambert, along with other OPP inmates, is a "segregated inmate." It is alleged

that Lambert walked up behind Plaintiff and hit him in the face, knocking Plaintiff to the floor. Lambert then started stomping on the Plaintiff. Plaintiff claims that Ferguson watched Lambert hit and kick him. Plaintiff suffered a cut and bruising under the right eye, a cut on the inner lip, and a knot on the left side of his head above the ear.

The plaintiff alleges that the shift supervisor, S. Taylor, did not give Ferguson clearance to allow OPP prisoner Lambert off of his tier while Plaintiff and other WCC inmates were walking to the dining hall. Plaintiff states that Ferguson has been working at the prison for almost eleven years, and she should know, just as he knew, that a segregated inmate like Lambert must be escorted by security anywhere they go inside the prison. Therefore, Plaintiff claims that Ferguson violated prison policy, which resulted in him being beaten by Lambert.

Plaintiff has heard that he was set up by Ferguson, with whom he has had differences in the past. He requests compensatory damages of five million dollars and asks that an attorney be appointed to represent him and assist him in obtaining prison documents.

## LAW AND ANALYISIS

1. APPOINTMENT OF COUNSEL

Plaintiff requests that counsel be appointed to assist him in this litigation. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." Robbins v. Maggio, 750 F.2d. 405 (5th Cir. 1985). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have counsel appointed to assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the

2

plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See Parker v. Carpenter, 978 F.2d. 190 (5th Cir. 1992), citing Murphy v. Kellar, 950 F.2d. 290, 293, n.14 (5th Cir. 1992)

In this civil rights case, Plaintiff has alleged that the defendants violated his right to be free from cruel and unusual punishment. He claims that Defendant Ferguson and other guards failed to protect him from an OPP prisoner. This claim is not atypical of those often asserted in civil rights litigation, and it is not complex. The appointment of counsel would not shorten the trial and is not necessary for a just determination because this case is one that can be disposed of on the face of the complaint. Accordingly, Plaintiff's request for appointment of counsel should be denied as the allegations contained in the complaint do not demonstrate "exceptional circumstances," which would warrant the appointment of counsel at this time.

2. FRIVOLITY REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A; 28 U.S.C. §1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

3

or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. §1997e(c)(1).

A hearing need not be conducted for every *pro se* complaint. See Wilson v. Barrientos, 926 F.2d 480, 483, n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias at 97.

3. FAILURE TO PROTECT

Plaintiff faults the defendants for failing to protect him from OPP inmate Lambert. The law in this area is well settled. Jail "officials have a [constitutional] duty ... to protect inmates from violence at the hands of other prisoners." Horton v. Cockrell, 70 F.3d 397, 400 (5th Cir.1995); see also Johnston v. Lucas, 786 F.2d 1254, 1258 (5th Cir.1986). The constitutional rights of convicted prisoners are based on the Eighth Amendment's prohibition against cruel and unusual punishment.

To establish a §1983 failure to protect claim, the plaintiff must show that he was detained or incarcerated "... under conditions posing a substantial risk of serious harm and that prison officials were **deliberately indifferent** to his need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th

4

Cir.1995)(emphasis added). Additionally, prison officials are not subject to liability under § 1983 for acts or omissions of their subordinates on the basis of respondeat superior. Mouille v. City of Live Oak, 977 F.2d 924, 929 (5th Cir.1992). However, prison officials may be found liable in their individual capacities for denying humane conditions of confinement to the inmates in their charge, but only if it is shown that they were aware of facts from which the inference could be drawn that a substantial risk of harm existed and that the official actually drew the inference. See Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Downey v. Denton County, 119 F.3d 381, 385 (5th Cir.1997).

In this case, Plaintiff cites one incident in which he was attacked by another inmate. An inmate is unlikely to recover under Section 1983 for injuries sustained in an isolated assault unless he can prove that the authorities either "set him up" for the assault or deliberately ignored his repeated and clearly well-founded claims of danger. Plaintiff does make a conclusory allegation that he was "set up" by Ferguson. However, the crux of his argument is that Ferguson knew or should have known not to let an OPP prisoner off of his tier without approval and an escort, and that Ferguson failed to abide by that standard or policy. At best, plaintiff has shown negligence on the part of Ferguson and "'[i]t is obduracy and wantonness, not inadvertence or error in good faith,'" that characterize deliberate indifference. See Wilson v. Seiter, 501 U.S. 294, 299, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)(citing Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). Thus, the legal conclusion of deliberate indifference must rest on facts clearly evincing "wanton" actions on the part of defendants. Johnson v. Treen, 759 F.2d 1236, 1237 (5th Cir.1985).

Nothing in Plaintiff's complaint suggests that the defendants were guilty of wanton conduct amounting to deliberate indifference. Plaintiff specifically states that he did not know OPP prisoner

Lambert, so the officers could not have known that Lambert would seek out and attack Plaintiff. Plaintiff has not alleged that Lambert threatened him prior to the assault. Plaintiff's complaint, and the comprehensive recitation of facts in Plaintiff's Administrative Remedy Procedure ("ARP") forms, construed liberally, allege negligence on the part of the defendant(s), which is not sufficient to succeed in a Section 1983 case. In order to state a viable claim under § 1983, "a plaintiff must ... prove that the alleged constitutional deprivation was not the result of mere negligence," Farmer v. Brennan, 511 U.S. 825, 835 (1994), since "[t]he negligent deprivation of life, liberty or property is not a constitutional violation" Campbell v. City of San Antonio, 43 F.3d 973, 977 (5th Cir.1995). Plaintiff has, at best, shown negligence and therefore his failure to protect claim must be dismissed as frivolous.

Accordingly,

**IT IS ORDERED** that plaintiff's request for appointment of counsel [Doc. 1-1] be DENIED; and,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 26th day of October, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE