UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LEE TREADWAY | Docket No. 06-cv-1182 |
| VERSUS | JUDGE DEE D. DRELL |
| TIM WILKINSON, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

<u>REPORT AND RECOMMENDATION</u>

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. §1983, in forma pauperis ("IFP"), by pro se plaintiff, Lee Treadway ("Treadway"), on or about July 10, 2006 (Doc. Item 1). Treadway is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently housed in the Tensas Parish Detention Center.

On February 11, 2006, while housed at Winn Correctional Center ("WCC"), Treadway was beaten by an Orleans Parish Prison inmate who was being housed at WCC due to hurricane Katrina. Treadway alleges that the defendants failed to protect him from physical harm inflicted by this OPP inmate, Eddie Lambert ("Lambert"). He names, as defendants to the action, WCC Warden Tim Wilkinson ("Wilkinson"), WCC employees Stacy Ferguson ("Ferguson"), Chrissy Chatman ("Chatman"), Sandy Taylor ("Taylor"), Kevin Jordan ("Jordan"), Lt. Melvin Braxton ("Braxton"), Carl Coleman ("Coleman") and Sangria Fitch ("Fitch") as well as WCC former

employees D. Beauboeuf ("Beauboeuf"), Lt. Bevers ("Bevers"), J. Johnson ("Johnson"), E. Brexton ("Brexton") and Correctional Officer Melbou ("Melbou").[1]

Defendants Wilkinson, Ferguson, Chatman, Taylor, Jordan, Braxton, Coleman and Fitch filed a Motion For Summary Judgment (Doc. Item 21) which is currently before the undersigned for report and recommendation.

### Statement of the Case

Treadway claims that on February 11, 2006, Stacy Ferguson and Officer Beauboeuf were working as floor officers at WCC. Ferguson allowed OPP inmate, Eddie Lambert, off of his tier for call at the same time Treadway was walking to the cafeteria. Lambert walked up behind him, hit him in the face, knocked him to the floor and began stomping on him. As a result of the beating, Treadway suffered a cut and bruising under his right eye, a cut on his inner lip and a knot on the left side of his head, above his ear.

Treadway claims that Ferguson watched as Lambert hit and kicked him. Treadway further alleges that the shift supervisor, S.

---

[1] Defendants Beauboeuf, Bevers, Johnson, Brexton and Melbou were not served. None of the defendants have answered the complaint and plaintiff has not moved for default. Accordingly, I recommend that the claims against these five defendants be dismissed without prejudice under Fed.R.Civ.P. 4(m). See McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 647 (1994); Systems Signs Supplies v. U.S. Dept. of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); Kersh v. Derosier, 851 F.2d 1509, 1512 (5th Cir. 1988).

Taylor, did not give Ferguson clearance to allow Lambert off of his tier while Treadway and other WCC inmates were walking to the dining hall.  Treadway states that Lambert, like other OPP inmates is a "segregated inmate" and must be escorted by security through the prison.  He claims that Ferguson, a long term employee, knew about this prison policy, disregarded it and in doing so allowed Lambert the opportunity to assault him.

Treadway further alleges that he was "set up" by Ferguson because they had their differences in the past.  He requests compensatory damages of five million dollars.

Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Paragraph (e) of Rule 56 also provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Local Rule 56.2W (formerly 2.10W) also provides that all

material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

A party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); <u>International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.</u>, 812 F.2d 219, 222 (5th Cir. 1987). Once this burden has been established, the burden shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986).

<u>Law and Argument</u>

Treadway contends the defendants failed to protect him from OPP inmate, Lambert. The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement. Prison

officials must ensure that inmates receive adequate food, clothing, shelter and medical care and must take reasonable measures to guarantee the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977, 128 L.Ed.2d. 811 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Horton v. Cockrell, 70 F.3d 397, 400 (5th Cir. 1995); see also, Johnston v. Lucas, 786 F.2d 1254, 1258 (5th Cir. 1986). "Being violently assaulted in prison is simply not a part of the penalty that criminal offenders pay for their offenses against society." Farmer, 511 U.S. at 834, 114 S.Ct. At 1976-77, citing, Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). However, not every injury suffered by a prisoner at the hands of another rises to the level of a constitutional violation.

The plaintiff must prove both that he is incarcerated under conditions posing a substantial risk of harm and that the prison official's state of mind is one of deliberate indifference to the prisoner's health or safety. Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). There is no concise definition of what types of prison conditions pose a substantial risk of serious harm under the Eighth Amendment. Instead, the court must examine this component of the test contextually, making sure to be responsive to contemporary standards of decency. The court must consider whether society considers the risk so grave that it violates contemporary

standards of decency to expose anyone unwilling to such risk. The court must also consider that the Eighth Amendment is intended to protect against both present and future dangers to inmates. Prison authorities must protect not only against current threats, but also must guard against sufficient imminent dangers that are likely to cause harm in the next week, month or year. <u>Horton v. Cockrell</u>, 70 F.3d 397, 400-01 (5th Cir. 1995), and cases cited therein.

Prison officials are not liable for failure to protect if (1) "they were unaware of even an obvious risk to inmate health or safety", (2) "they did not know of the underlying facts indicating a sufficiently substantial danger", (3) "they knew of the underlying facts but believed (albeit soundly) that the risk to which the facts gave rise was insubstantial or nonexistent", or (4) "they knew of a substantial risk to inmate health or safety...[and] responded reasonably to the danger, even if the harm was not ultimately averted." <u>Farmer</u>, 511 U.S. at 844-45, 114 S.Ct. At 1982-83.

Additionally, prison officials are not subject to liability under Section 1983 for acts or omissions of their subordinates on the basis of respondeat superior. <u>Mouille v. City of Live Oak</u>, 977 F.2d 924, 929 (5th Cir. 1992). However, prison officials may be found liable in their individual capacities for denying humane conditions of confinement to the inmates in their charge, but only if it is shown that they were aware of facts from which the

6

inference could be drawn that a substantial risk of harm existed and that the official actually drew the inference. See, Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Downey v. Denton County, 119 F.3d 381, 385 (5th Cir. 1997).

In this case, Treadway cites a single incident in which he was attacked by another inmate. He acknowledges in his grievance, as well as throughout his deposition testimony, that he did not know Lambert before he became the victim of the assault. An inmate is unlikely to recover under Section 1983 for injuries sustained in an isolated assault unless he can prove that the authorities either "set him up" for the assault or deliberately ignored his repeated and clearly-well founded claims of danger.

In his grievance dated February 20, 2006 (Doc. Item 1-3), Treadway suggests that Ferguson set him up for the assault by Lambert in retaliation for his naming her in a grievance. However, he then states that he has no proof of this set up.[2] Additionally, during his deposition, Treadway contends that Ferguson, Taylor, Jordan and Coleman were involved in a conspiracy against him, but when asked by defense counsel for details of the conspiracy and evidence thereof, he is unable to articulate any facts evidencing such. In fact, the only evidence he points to are two write ups which he initially contends were forged by Taylor to bear Jordan's

---

[2] The suspicions regarding a set up and his lack of proof thereof were discussed during his deposition as well (Doc. Item 21-3, p.4).

name. However, Treadway later concedes during his deposition that Jordan admitted to signing both of the write ups (Doc Item 21-3, 15-16, 20).

Absent evidence of a set up, Treadway must prove that the defendants were guilty of wanton conduct amounting to deliberate indifference. Treadway consistently concedes that he did not know Lambert before the attack. Therefore, the officers could not have known that Lambert would seek out and attack Treadway. Treadway fails to allege Lambert ever threatened him before the attack and he never asserted any facts which prove the alleged failure to protect was not the result of mere negligence.

Summary judgment evidence does not support Treadway's Eighth Amendment claim of failure to protect against any defendant, served or unserved.[3] Accordingly, summary judgment should be granted in

---

[3] As previously noted, defendants Beauboeuf, Bevers, Johnson, Brexton and Melbou have not been served with the lawsuit and have not made an appearance in the case. Therefore, they should be dismissed pursuant to Fed.R.Civ.P. 4(m). However, as pointed out by defense counsel (who expressly states that he does not represent these defendants, does not make an appearance on their behalf and cannot and does not move for summary judgment on their behalf), the court may grant a motion for summary judgment with respect to these defendants *sua sponte*. The party against whom summary judgment may be entered must be given at least 10 days notice before a court grants summary judgment *sua sponte* in order to provide (1) notice that he is in jeopardy of having his case dismissed and (2) opportunity to put forth evidence to show precisely how he intends to prove his case at trial. <u>Millar v. Houghton</u>, 115 F.3d 348 (5th Cir. 1997), <u>see</u> F.R.C.P. 56(c). The objection period which follows this Report and Recommendation as set forth in 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b) satisfies the ten day notice requirement set forth in Fed.R.Civ.P 56(c). Accordingly, it is recommended that the court enter

favor of all defendants and plaintiff's lawsuit should be dismissed with prejudice.

Further support exists for the entry of summary judgment in favor of certain defendants.

Treadway has named Warden Tim Wilkinson as a defendant in this case; apparently in his capacity as a supervisor since he has not made any specific factual allegations which involve Warden Wilkinson. The doctrine of respondeat superior, which makes an employer or supervisor liable for an employee's alleged tort, is unavailable in suits under 42 U.S.C. §1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Well settled Section 1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates actions. Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injury. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. den., 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); Thompkins, 828 F.2d at 303. Treadway admits in his deposition that Wilkinson had no idea about the attack by Lambert and was shocked to hear of the assault; therefore, he could not have participated in the act nor

---

summary judgment *sua sponte* in favor of unserved defendants, Beauboeuf, Bevers, Johnson, Brexton and Melbou.

implemented a policy which resulted in the assault (Doc. Item 21-3, p. 11). Accordingly, motion for summary judgment should be granted in favor of Warden Wilkinson.

Additionally, Treadway has not alleged any claims against the following named defendants: Chatman, Braxton, Coleman, Fitch, Bevers, Johnson, Brexton and Melbou.[4] In fact, he admits during his deposition that he named these defendants simply to secure their testimony at trial. Of course, there are other means of securing these defendants' attendance at trial, and naming them as parties to the suit is not appropriate for that purpose. Accordingly, as Treadway has failed to state a claim against these defendants, summary judgment should be entered in favor of Chatman, Braxton, Coleman, Fitch, Bevers, Johnson, Brexton and Melbou and they should be dismissed from the lawsuit.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the Defendants' Motion for Summary Judgment be GRANTED and the plaintiff's lawsuit be DISMISSED with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to

---

[4] Again, the court may enter summary judgment *sua sponte* on behalf of the unserved defendants.

another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 10th day of June, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE